**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CORNELIUS LISTER<br>1125 Coates Street<br>Sharon Hill, PA 19079<br>Plaintiff(s)<br><br>vs.<br><br>FITNESS INTERNATIONAL, LLC, d/b/a LA FITNESS<br>Drexel Building, 1st Floor<br>15th & Walnut Streets<br>Philadelphia, PA 19103<br>Defendant(s) | : | **CIVIL CASE NO.**<br><br>**NOTICE OF REMOVAL AND JURY DEMAND** |

**TO: THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant, Fitness International, LLC (d/b/a "LA Fitness") hereby files the Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Pennsylvania, from the Court of Common Pleas, Philadelphia County, Pennsylvania, where the action is now pending, as provided by Title 28, United States Code, Section 1441, and hereby states the following:

1. Plaintiff, Cornelius Lister, commenced this action on May 9, 2013, by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned Cornelius Lister v. Fitness International, LLC, d/b/a LA Fitness, bearing docket number May Term 2013, No. 000601 ("the State

Court Action"). The State Court Action is now pending in that Court. (A copy of the State Court Action Complaint is attached as Exhibit "A.")

2. Plaintiff served counsel for Defendant Fitness International, LLC, formerly known as "LA Fitness International, LLC" (hereinafter "LA Fitness") by serving Defendant LA Fitness with the Complaint via personal service upon agent or person in charge at one of Defendant's locations, with an address of 1435 Walnut Street, Philadelphia, PA 19102. (A copy of said affidavit of service is attached as Exhibit "B.") This Notice of Removal is filed within 30 days of the date of service of the Complaint, as required by 28 U.S.C. §1446(b).

3. The State Court action is between citizens of different states and is a civil action over which the District Courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. §1332.

4. Specifically, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5. Defendant Fitness International, LLC, d/b/a LA Fitness is a California Limited Liability Company, with its principal place of business in the State of California.

6. Prior to June 7, 2012, Fitness International, LLC was known as "LA Fitness International, LLC," which was also a California Limited Liability Company. On June 7, 2012, LA Fitness International, LLC changed its name to Fitness International, LLC.

7. Other than the name change, the Defendant Fitness International, LLC remains the same entity as "LA Fitness International, LLC" and operates in the same manner as it did on the date of the alleged incident – September 5, 2012.

8. None of the members of the Limited Liability Company known as "Fitness International, LLC" (or "LA Fitness International, LLC") are citizens of the Commonwealth of Pennsylvania.

9. Upon information and belief, the matter in controversy claimed by the Plaintiff exceeds the sum of $75,000.00, exclusive of interest and costs, computed on the following basis:

 (a) Plaintiff's Complaint alleges that on or about September 5, 2012, Plaintiff sustained injuries while playing a basketball game at Defendant's premises when six (6) unnamed males who were also playing in the game "assaulted, battered, punched, and kicked" the Plaintiff, causing serious injuries to the Plaintiff.

 (b) Plaintiff alleges that as a result of the incident, he sustained serious bodily injuries to the head, body, and extremities, some or all of which may be permanent.

 (c) Plaintiff alleges that these injuries include, but are not limited to, lacerations of the lower lip and chin, headaches, pain and looseness of the teeth, scarring, and severe shock to the nerves and nervous system, all of which may be permanent in nature.

 (d) Furthermore, Plaintiff alleges that as a result of the incident, Plaintiff has required medical attention and care, and has incurred medical expense and will continue to incur medical expenses all to the Plaintiff's great financial damage and loss.

 (e) Plaintiff's "Wherefore" clause alleges damages in excess of $50,000.00, which is the Arbitration limit under the

Pennsylvania Rules of Civil Procedure and Philadelphia County local rules. Therefore, the matter is placed in the major case track under Philadelphia County Local Rules.

10. This Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, the District Court of the United States for the district within which the State Court action is pending, as required by 28 U.S.C. §1441(b) and §1446(a).

11. Upon filing the Notice of Removal, Defendant LA Fitness shall give written notice thereof to Plaintiff's counsel, Bernard M. Gross, Esquire, and shall file copies of this Notice of Removal with the Prothonotary for the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. §1446(d).

12. By filing this Notice of Removal, Defendant Fitness International, LLC d/b/a LA Fitness does not waive any defenses available to it at law, in equity or otherwise.

**WHEREFORE**, Defendant, Fitness International, LLC (d/b/a "LA Fitness"), respectfully requests that the action proceed in this Court as an action properly removed to it.

Respectfully submitted,

**BRIGGS LAW OFFICE, LLC**

Date: May 30, 2013

By: ______________________________

NORMAN W. BRIGGS, ESQUIRE
400 Market Street, Suite 730
Philadelphia, PA 19106
(215) 925-4632
Attorneys for Defendant, Fitness International, LLC (d/b/a "LA Fitness")
e-mail: nbriggs@thebriggslaw.com

# EXHIBIT A

Assessment of damages hearing is/XXXXXX required

Filed and Attested by PROTHONOTARY 09 MAY 2013 12:17 pm J. OSTROWSKI

LAW OFFICES
BERNARD M. GROSS, P.C.
100 Penn Square East
Suite 450, The Wanamaker Bldg.
Philadelphia, PA 19107
Phone: 215-561-3600/Fax: 215-561-3000

JURY TRIAL ~~DEMANDED~~ WAIVER

| | | |
|---|---|---|
| CORNELIUS LISTER<br>1125 Coates Street<br>Sharon Hill, PA 19079<br>v.<br>FITNESS INTERNATIONAL, LLC<br>d/b/a LA FITNESS<br>Drexel Building, 1st Floor<br>15th & Walnut Streets<br>Philadelphia, PA 19103 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2013<br><br>NO.<br><br>I.D. NO. 02571 |

## CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAMA POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19017
Telefono: (215) 238-6333

**COMPLAINT**

1. Plaintiff, Cornelius Lister, is an individual residing at the aforementioned address.

2. Defendant, Fitness International, LLC, doing business as LA Fitness, is authorized and duly licensed to do business in the Commonwealth of Pennsylvania, with an office located at the Drexel Building, 1 st Floor, 15th & Walnut Streets, Philadelphia, Pennsylvania 19154.

3. At all times material hereto, the defendant, Fitness International, LLC, doing business as LA Fitness, was in the business of operating a sports club located at 701 Cathedral Road, Philadelphia, Pennsylvania.

4. At all times material hereto, the defendant was in control and possession of the sports club, including the basketball court, located at 701 Cathedral Road in Philadelphia, and it was the duty of the defendant to keep and maintain the premises in a reasonably safe condition for its lawful business invitees.

5. At all times material hereto, the defendant acted by and through its employees, agents, servants, workmen, and representatives, acting within the scope and course of their relationship to the defendant.

6. On September 5, 2012, plaintiff Cornelius Lister, a member of the LA Fitness sports club, entered the sports club at 701 Cathedral Road in Philadelphia and was a lawful business invitee of the defendant.

7. On September 5, 2012, at about 8:30 PM, while plaintiff was playing in a basketball game in the sports club, about six males who were also playing in the game assaulted, battered, punched, and kicked the plaintiff, without provocation, causing serious injuries to the plaintiff referred to below.

8. The assault and battery on the plaintiff was the direct and proximate result of the carelessness, negligence, and recklessness of the defendant as follows:

(a) Failing to keep the premises in a safe condition for the use of lawful patrons and business invitees;

(b) Failing to provide adequate security and protection for business invitees on the premises of the defendant;

(c) Failing to properly monitor the sports club, including the basketball court, to ensure proper protection of lawful patrons and business invitees of the defendant;

(d) Failing to properly monitor the sports club, including the basketball court, in order to aid lawful patrons who have been accosted by assailants;

(e) Failing to perform proper and adequate camera surveillance of the sports club, including the basketball court;

(f) Failing to provide security personnel to properly and adequately inspect, patrol, and safeguard the sports club, including the basketball court;

(g) Failing to hire, employ, or retain personnel sufficiently qualified to supervise the safety of the premises;

(h) Failing to oversee and/or supervise existing security measures to ensure that such measures were being properly performed;

(i) Failing to improve existing security measures that it knew or in the exercise of reasonable care should have known were inadequate, ineffective, and/or inefficiently performed or executed;

(j) Failing to give adequate warning to enable business visitors or invitees to avoid harm or otherwise protect themselves against such harm;

(k) Failing to become apprised of criminal acts that occurred on or near the defendant's premises and to take reasonable preventive action in connection therewith;

(l) Exposing plaintiff to a foreseeable and unreasonable risk of harm or bodily assault;

(m) Creating a foreseeable and unreasonable risk of criminal assault and injury;

(n) Violation of the pertinent statutes, ordinances, regulations, and standards;

(o) Otherwise failing to exercise due care under the circumstances.

(p) Such other negligence as may be revealed through discovery.

9. By reason of the above described occurrence, plaintiff sustained serious bodily injuries to the head, body and extremities, some or all of which are or may be permanent including, but not limited to, lacerations of the lower lip and chin, headaches, pain and looseness of the teeth, scarring, and a severe shock to the nerves and nervous system, as a result of which plaintiff has suffered, still suffers and will continue to suffer for an indefinite time in the future, and which have prevented plaintiff from attending to plaintiff's daily duties and occupation, all to plaintiff's great financial damage and loss.

10. As a result of the injuries hereinabove described, plaintiff was and will continue to be obliged to expend various sums of money for medicine and medical treatment in and about endeavoring to treat plaintiff of said injuries, all to plaintiff's great financial damage and loss.

**WHEREFORE**, plaintiff Cornelius List demands judgment against defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

**LAW OFFICES**
**BERNARD M. GROSS, P.C.**
**BY:**

**BERNARD M. GROSS**
**Attorney I.D. No. 02571**
100 Penn Square East
Suite 450, The Wanamaker Building
Philadelphia, PA 19107
Phone: (215) 561-3600
Fax: (215) 561-3000

***Attorney for Plaintiff***

## VERIFICATION

**CORNELIUS LISTER**, being duly sworn according to law, deposes and says that the facts set forth in the foregoing material are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

(CL) Cornelius Lister
**CORNELIUS LISTER**

# EXHIBIT B

LAW OFFICES BERNARD M. GROSS, P.C.
BY: BERNARD M. GROSS, ESQUIRE
100 Penn Square East
Suite 450, The Wanamaker Building
Philadelphia, PA 19107
215- 561-3600/Fax: 215-561-3000
ID #02571

ATTORNEY FOR PLAINTIFFS

Filed and Attested by PROTHONOTARY 20 MAY 2013 02:24 pm M. TIERNEY

| | | |
|---|---|---|
| CORNELIUS LISTER<br>1125 Coates Street<br>Sharon Hill, PA 19079<br>v.<br>FITNESS INTERNATIONAL, LLC<br>d/b/a LA FITNESS<br>Drexel Building, 1st Floor<br>15th & Walnut Streets<br>Philadelphia, PA 19103 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MAY TERM, 2013<br><br>NO. 0601 |

**AFFIDAVIT OF SERVICE OF CIVIL ACTION COMPLAINT**

Served and made known to Defendant, **FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS**, on the 17TH day of May, 2013, at 1:30 o'clock, PM, at 15TH & WALNUT STS, County of Philadelphia, Commonwealth of Pennsylvania, in the manner described below:

( ) Defendant personally served.

( ) Adult family member with whom said Defendant resides. Relationship is

( ) Adult in charge of Defendant's residence who refused to give name or relationship.

(X) Agent or person in charge of Defendant's office or usual place of business. W/F, mid 20's

( ) An officer of said Defendant company.

( ) Other .

[signature]

**SWORN TO AND SUBSCRIBED**

Before me this 20th day of May, 2013.

[signature: Susan G. Gordon]

**Notary Public**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
SUSAN G. GORDON, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 5, 2017

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS LISTER | : | |
| V. | : | Civil Action |
| FITNESS INTERNATIONAL, LLC, | : | No: ________________ |
| d/b/a LA FITNESS | : | |

DISCLOSURE STATEMENT FORM

Please check one box:

☒ The nongovernmental corporate party, Fitness International, LLC, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐ The nongovernmental corporate party, ____________________, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

______________________________
______________________________
______________________________
______________________________

May 29, 2013 ______________________________
Date Signature Norman W. Briggs, Esquire

Counsel for: Defendant, Fitness International, LLC

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:

(1) identifies any parent corporation and any publicly held corporation owning10% or more of its stock; or

(2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:

(1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

(2) promptly file a supplemental statement if any required information changes.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Cornelius Lister, 1125 Coates Street, Sharon Hill, PA 19079

Address of Defendant: Fitness International, LLC, 3161 Michelson Blvd, Suite 600, Irvine, CA 92612

Place of Accident, Incident or Transaction: LA Fitness Health Club, Drexel Building, 1st Floor, 15th & Walnut Streets, Philadelphia PA 19103
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☒ No ☐

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, Norman W. Briggs, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case does not exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

[signature]
Norman W. Briggs 60940

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** May 30, 2013 [signature] Norman W. Briggs 60940
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Cornelius Lister, 1125 Coates Street
Sharon Hill, PA 19079

**(b)** County of Residence of First Listed Plaintiff: PHILADELPHIA COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bernard M. Gross, Esquire, Wanamaker Bldg, 100 Penn Square East, Ste 450, Phila PA 19107/Ph: 215-561-3600

**DEFENDANTS**
L.A. FITNESS INTERNATIONAL, LLC and
FITNESS INTERNATIONAL, LLC

County of Residence of First Listed Defendant: Orange County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Norman W. Briggs, Esquire, Briggs Law Office, LLC, 400 Market Street, Suite 730, Philadelphia, PA 19106, 215-925-4632

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title 28, United Stated Code, Section 1441

Brief description of cause:
Court action is between citizens of different states, USDC has original jurisdiction by virtue of diversity

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ________ DOCKET NUMBER ________

DATE: May 29, 2013
SIGNATURE OF ATTORNEY OF RECORD: Norman W. Briggs, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

CORNELIUS LISTER : CIVIL ACTION

v. :

FITNESS INTERNATIONAL, LLC, d/b/a LA FITNESS : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| May 29, 2013 | NORMAN W. BRIGGS | [signature] |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Defendants Fitness International, LLC |
| 215-925-4632 | 215-925-1611 | nbriggs@thebriggslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.